IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**IN THE MATTER OF NATIONAL
MAINTENANCE & REPAIR, INC.,
AS OWNER OF THE M/V HARTFORD
BEAVER FOR EXONERATION FROM
OR LIMITATION OF LIABILITY,**

No. 09-0676-DRH

### MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

#### I. Introduction and Background

Something seems amiss on the muddy Mississippi. On September 2, 2009, National Maintenance & Repair, Inc., filed an Amended Complaint for exoneration from or limitation of liability pursuant to 46 U.S.C. § 181, seeking to limit its liability to $30,000 (Doc. 8), the alleged value of petitioners's interest in the vessel. The Amended Complaint alleges that on or about March 11, 2009, at approximately 14:15 CDT, the M/V Hartford Beaver sank, which may have resulted in damages or injury to Vincent Ray Deering and/or other crew members aboard the M/V Hartford Beaver, who were employees of National Maintenance. That same day, the Court entered a Restraining Order enjoining any and all suits, actions or legal proceedings against the M/V Hartford Beaver arising out of the alleged incident that

occurred on March 11, 2009 (Doc. 6). Previously, on July 24, 2009, Deering filed suit in the Madison County, Illinois Circuit Court, pursuant to the Jones Act, 46 U.S.C. § 688 et. seq. and general maritime law, for personal injuries he sustained during the incident involving the sinking of the M/V Hartford Beaver.

On September 17, 2009, Deering filed his answer to the Amended Complaint (Doc. 17). Next, Deering filed his claim pursuant to Rule F of the Supplemental Rules for Admiralty and Maritime Claims (Doc. 22) and National Maintenance filed its answer to Deering's claim on September 22, 2009 (Doc. 23).[1] Also on September 22, 2009, National Maintenance & Repair filed a Counterclaim for negligence against Deering seeking in excess of $800,000 in damages for the replacement value and the salvage costs of the M/V Hartford Beaver (Doc. 24). Thereafter, Deering filed his motion to dismiss counterclaim (Docs. 30 & 31). National Maintenance & Repair filed its opposition on November 11, 2009 (Doc. 37). As the motion is ripe for ruling, the Court turns to address the merits of the motion.

Before the Court is Claimant Deering's motion to dismiss counterclaim against Deering (Doc. 30). National Maintenance & Repair objects to the motion (Doc. 37). Based on the following, the Court grants the motion.

## II. Motion to Dismiss

When ruling on a motion to dismiss for failure to state a claim under **Federal Rule of Civil Procedure 12(b)(6)**, the Court must look to the complaint to

---

[1] On November 17, 2009, National Maintenance & Repair filed an Amended Answer to Deering's claim (Doc. 40).

determine whether it satisfies the threshold pleading requirements under **Federal Rule of Civil Procedure 8.** Rule 8 states that a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." **Fed. R. Civ. P. 8(a)(2)**. The Supreme Court held that Rule 8 requires a complaint to allege "enough facts to state a claim to relief that is plausible on its face" to survive a Rule 12(b)(6) motion. ***Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)**. In other words, the Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' " by providing "more than labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do . . . ." ***Id*. at 555-56 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986))**. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' ***Ashcroft v. Iqbal*, --- U.S.---, --- 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557)**.

Recently, in *Iqbal*, the Supreme Court made clear that the federal pleading standard under **Rule 8** as discussed in its *Twombly* opinion applies "for all civil actions." ***Id*. at ---, 129 S. Ct. at 1953**. *Iqbal* identified the "two working principles" underlying the decision in *Twombly*: (1) "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice;" and (2) "only a complaint that states a plausible claim for relief survives a motion to dismiss." ***Id*. at ---, 129 S. Ct. at**

**1949 (citing *Twombly*, 550 U.S. at 555-56)**. In short, a court should only assume to be true a complaint's well-pleaded factual allegations, and not its mere legal conclusions, when determining whether such allegations plausibly give rise to relief. *Id.* **at ---, 129 S. Ct. at 1950**.

### III. <u>Analysis</u>

Here, Deering argues that the Court should dismiss the Counterclaim because Rule F does not provide a counterclaim cause of action for negligent property damage by ship-owner-employers against their seamen-employees; that Deering did not owe a duty to National Maintenance & Repair; that the Counterclaims violates 45 U.S.C. § § 55 & 60 and the public policy reflected in the Jones Act and FELA; and that allowing the Counterclaim will turn the limitation proceeding from a protective instrument to an offensive weapon in dereliction of Congressional intent. National Maintenance & Repair counters that negligence property suits are permitted under general maritime law, the Jones Act and FELA; that the counterclaim is not precluded by the Limitation of Liability Act; and that Deering did owe National Maintenance & Repair a reasonable care of duty. The Court agrees with Deering.

The Seventh Circuit has not ruled on the issue that is before the Court. Recently, Judge Posner took umbrage with the undersigned judge, during oral argument, for following the decision of another circuit, because in the opinion of Judge Posner trial judges do that in the hope of not being reversed, but observing

that such a judicial tactic is of no consequence at the Seventh circuit court. (Oral arguments in ***USA v. Rex I. Hatfield and Everly K. Hatfield***, Nos. 09-1705 and 09-1849.) It would be easy, and as Judge Posner suggested in oral argument, seemingly the safe course, for this Court to follow the 5th Circuit decision in ***Withhart v. Otto Candies, L.L.C.*, 431 F.3d 840 (2005)**, but the Court does not believe the decision is correct or that the 7th Circuit, when given the opportunity, will find the rationale of the decision correct.

       The Court finds that Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions does not provide for, nor does general maritime law provide a counterclaim cause of action for negligent property damage by ship-owner-employers against their seamen-employees. The Court is persuaded that the rationale applied by the Ninth Circuit Court of Appeals in ***California Home Brands, Inc. v. Ferreira*, 871 F.2d 830 (9th Cir. 1989)(the Ninth Circuit affirmed the dismissal of a cause of action by a ship-owner against its employee for contribution for causing another employee's injuries)** should be extended to property damage claims brought by shipowners against their seaman-employees.[2] The Court finds further support for this rationale in the Limitation of Liability Act, 46 U.S.C. § 181, and Rule F. The Act and the U.S. Supreme Court Rules

---

[2]**See also, *Waisonovitz v. Metro-North Commuter Railroad*, 462 F.Supp.2d 292 (D. Con. 2006) (Railroad, which was liable for injuries sustained by employee in a train accident, was barred from seeking contribution or indemnification under FELA from a co-employee);  *Illinois Central Gulf Railroad Co. v. Haynes*, 592 So.2d 536 (Ala. 1991) (Employer could not maintain third-party complaint against co-employee of injured worker for indemnity for amounts it might be required to pay worker for his personal injuries where the claim arose out of the same operative facts giving rise to the worker's FELA claim).**

implementing the procedures to be followed under the Limitation Act, set forth the mechanisms whereby shipowners and employees can recover money damages from each other. Neither the Limitation Act nor Rule F authorize a cause of action for property damage from negligent seamen employees. This absence indicates both Congressional and judicial intent that such cause of action does not exist.

Furthermore, FELA's overriding purpose is to provide compensation for injured employees. In ***Sinkler v. Missouri Pacific Railroad Co.*, 356 U.S. 326 (1958)**, the Supreme Court stated that FELA:

> was a response to the special needs of railroad workers who are daily exposed to the risks inherent in railroad work and are helpless to provide adequately for their own safety. The cost of human injury, an inescapable expense of railroading, must be borne by someone, and the FELA seeks to adjust that expense equitably between the worker and the carrier.

***Id.* at 329 (citations omitted)**. It provides injured railroad workers with their exclusive remedy against their employers for injuries resulting from their employees negligence. ***New York Central Railroad Co. v. Winfield*, 244 U.S. 147, 151-52 (1917)**.

The Court concludes that allowing the Counterclaim violates 45 U.S.C. § § 55 & 60, and the public policy reflected in the Jones Act and FELA, as it is a "device" that impermissibly will chill the filing of Jones Act claims and the voluntary furnishing of information regarding such claims. The Counterclaim violates Section 55 because the ultimate threat of "retaliatory" legal action would have the effect of limiting National Maintenance & Repair's liability by discouraging employees from

filing Jones Act actions. ***See Stack v. Chicago, Milwaukee, St. Paul and Pacific RR Co.*, 615 P.2d 457, 461 (Wa.Sup.Ct. 1980)**. Also, the Counterclaim has the effect of reducing or eliminating Deering's recovery under the Jones Act by the amount of property damages, as a result that clearly controverts the remedial purposes of the Jones Act. ***See Kozar v. Chesapeake & Ohio Ry.*, 320 F.Supp. 335, 383-85 (W.D. MI 1970)(Use of coercive tactics to discourage resort to FELA litigation creates "impermissible chill on rights created by Congress," which chill extends not only to FELA plaintiffs, but to all employees and their families – leading to intolerable results);** *Yoch v. Burlington Northern RR Co.*, **608 F.Supp. 597, 598 (D.Col. 1985)(dismissing $5 million property damage counterclaim, holding that where injured railroad worker asserts claim under FELA, railroad defendant may not counterclaim for property damages caused in occurrence which gave rise to the employee's injuries or death.)**.

Ruling in the way the 5th Circuit did will not only contravene the law, but will place an insurmountable chill on the longstanding rights of admiralty and rail workers to pursue their on duty injury claims. If an injured worker has to fear a counter-claim every time he or she pursues the right to bring a suit for that injury, that worker will be less likely to exercise that right.

## IV. Conclusion

Accordingly, the Court **GRANTS** the motion to dismiss counterclaim (Doc. 30). The Court **DISMISSES with prejudice** the September 22, 2009

Counterclaim against claimant Deering (Doc. 24).

**IT IS SO ORDERED.**

Signed this 3rd day of February, 2010.

/s/  David R Herndon

**Chief Judge
United States District Court**