IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**IN THE MATTER OF NATIONAL
MAINTENANCE & REPAIR, INC.,
AS OWNER OF THE M/V HARTFORD
BEAVER FOR EXONERATION FROM
OR LIMITATION OF LIABILITY,**

**and**

**VINCENT DEERING,**                              No. 09-0676-DRH

**Claimant/Third-Party Plaintiff**

**v.**

**MID-AMERICA FUELS, INC., et al.,**

**Third-Party Defendants.**

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Pending before the Court is National Maintenance & Repair, Inc., Mid America Fuels, Inc., and the M/V Sue's motion to stay proceedings or, in the alternative, to continue (Doc. 69). These parties move the Court to stay the proceedings pending disposition of National Maintenance & Repair, Inc.'s interlocutory appeal. They contend that allowing the limitations petitions and claims

to proceed to trial prior to receiving a ruling from the Seventh Circuit Court of Appeals would severely prejudice National Maintenance as it would be precluded from presenting a complete case to the Court at trial and would have possibly paid a judgment to Deering without obtaining a set-off for damages that it may be entitled to if the Seventh Circuit reverses the Court's Order dismissing the counterclaim. Deering objects to the stay arguing that the only issue on appeal is whether or not National Maintenance may pursue a counterclaim against Deering for damage to its vessel. Deering maintains that the issues of fault of the sinking of the vessel will be clearly developed whether or not the counterclaim remains and will be determined in the liability aspect of the case.

The power to grant a stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, counsel and for litigants." **Walker v. Merck & Co.**, **No. 05-CV-0360-DRH, 2005 WL 1565839, at * 2 (S.D. Ill. 2005)(quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936))**. The decision to grant a stay is committed to the court's discretion, **see Brooks v. Merck & Co., 443 F.Supp.2d 994, 997 (S.D. Ill. 2006); Rutherford v. Merck & Co., 428 F.Supp.2d 842, 845 (S.D. Ill. 2006)**, though that discretion must be exercised consistently with principles of fairness and judicial economy. **See Walker, 2005 WL 1565839, at *2**.

The Court agrees with Deering. It is in the interest of justice and judicial economy that this matter proceed to trial on the issues before the Court. The Court

finds that a stay is unnecessary under the circumstances of this case.

Alternatively, National Maintenance & Repair, Inc., Mid America Fuels, Inc., and the M/V Sue's move in the alternative to continue the October 2010 presumptive trial month due to outstanding discovery issues. These parties ask the Court to continue the October 2010 presumptive trial month to July 2011. Deering objects to continuing the presumptive trial month to July 2011 as lengthy and unnecessary. Instead, Deering suggests that a presumptive trial month of December 2010 is more appropriate. In light of the discovery issues presented in the pleadings, the Court finds that it is necessary to continue the October 2010 presumptive trial month. The Court **SETS** this matter for trial on **February 14, 2011 at 9:00 a.m.** and **AMENDS** the Discovery Schedule as follows:

    Petitioner's expert(s) disclosure deadline:    September 9, 2010;

    Claimant's expert(s) deposition(s) deadline:    September 28, 2010;

    Petitioner's expert(s) deposition(s) deadline:    October 27, 2010;

    Discovery deadline:    November 3, 2010;

    Dispositive motion deadline:    November 17, 2010;

    Final Pretrial Conference:    January 20, 2011 at 9:30 a.m.;  and

    Trial date:    February 14, 2011 at 9:00.

The parties shall contact Magistrate Judge Proud to schedule a settlement conference.

Accordingly, the Court **DENIES** National Maintenance & Repair, Inc.,

Mid America Fuels, Inc., and the M/V Sue's motion to stay proceedings and **GRANTS in part** and **DENIES in part** the alternative motion to continue (Doc. 69).

**IT IS SO ORDERED.**

Signed this 2nd day of September, 2010.

/s/    David R Herndon
**Chief Judge**
**United States District Court**